**Arthur W. OLDHAM, Jr., A Minor, by His Next Friend, Arthur W. OLDHAM; and Arthur W. Oldham and Karen K. Oldham, As Parents of Arthur W. Oldham, Jr., Individually, Appellants,**

v.

**SHENANDOAH COMMUNITY SCHOOL DISTRICT, Marilyn Linkletter, Michael Long and William B. Rabel, Appellees.**

No. 89–1204.

Court of Appeals of Iowa.

Aug. 30, 1990.

Kasey Kincaid, Des Moines, and Ronald J. Palagi and Scot Bonneson of The Law Offices of Ronald J. Palagi, P.C., Omaha, for appellants.

Philip Willson of Smith, Peterson, Beckman & Willson, Council Bluffs, for appellees.

Heard by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

DONIELSON, Presiding Judge.

In 1985, Arthur Oldham, Jr., who was eleven years old, fell on the school playground during recess. Arthur Jr. was intentionally sliding on a patch of ice when he fell.

As a result of the injuries Arthur Jr. sustained in his slip and fall accident, Arthur and Karen Oldham filed a lawsuit on behalf of their son against the Shenandoah Community School District, two teachers, and a principal, hereafter, jointly referred to as the school district. At the trial level, the jury found Arthur Jr. 75% negligent and the school district 25% negligent.

On appeal, the Oldhams challenge the district court's decision to exclude portions of Dr. Alan Caskey's testimony, who testified on their behalf. Dr. Caskey holds a Ph.D. in Recreation and Park Administration. The omitted portions of expert testimony were based on the standards of the care the school district was responsible for in the maintenance and supervision of its playground area. The Oldhams assert this testimony should be admitted as evidence.

The Oldhams also assert that the district court erred in instructing the jury. They claim the instructions regarding Arthur Jr.'s duties and his comparative fault improperly emphasized the school district's defense theories.

■ The issue of jury instructions is clearly not one which mandates reversal, and may be handled with great brevity. The Oldhams contend the instructions of law given to the jury unduly emphasized the school district's affirmative defenses and exaggerated Arthur Jr.'s duty in comparison to the duties of the school district. However, this objection was not made at the trial court level. Iowa Rule of Civil Procedure 196 allows ample time for both parties to object to a jury instruction prior to the time it is given to the jury. Counsel must submit their objections, and the grounds on which those objections are made. As this court has previously stated, objections on appeal will not be considered unless they are presented to the trial court. *Kellar v. Peoples Natural Gas Co., a Division of InterNorth, Inc.,* 352 N.W.2d 688, 692 (Iowa App.1984).

■ However, the court will note that when considering the jury instructions as a whole, neither the Oldhams' nor the school district's theory of the case is given undue emphasis. Moreover, the instructions ultimately given to the jury were substantially in the same form and entirety as those instructions submitted by both parties. There was no error by the district court in its presentation of instructions to the jury.

Upon reaching the issue of the admission of expert testimony, and after examining those portions in question, this court finds there was no prejudicial error by the district court.

Expert testimony is often a necessity in today's more complex lawsuits. When a typical trier of fact is unable to comprehend a very involved issue which may be presented during the course of a trial, a specialist with training or knowledge in the specified area is allowed to testify and express his or her opinion pertinent to the matter. *See* Iowa R.Evid. 702. The testimony of such experts is not disallowed because it merely includes ultimate issues. Iowa R.Evid. 704.

■ However, experts may not give opinions on questions of law or questions of law mixed with facts. *Grismore v. Consolidated Products Co.,* 232 Iowa 328, 361, 5 N.W.2d 646, 655 (Iowa 1942). A witness may testify only as far as his or her area of expertise extends. Expert witnesses may not give opinions on matters outside of their scope of knowledge simply because they are designated to be experts.

■ The testimony of Dr. Caskey which was not admitted as evidence was relatively small in comparison to his testimony that was allowed. The excluded testimony either fell outside Dr. Caskey's area of expertise, or required him to speculate and give opinions on questions of law. The Oldhams' witness was allowed to testify at great lengths as to the safety and proce-

dures that normally should accompany playground areas.

Furthermore, the complexity of this issue is debatable. Since the main objective of expert testimony is to aid the trier of fact, it must be determined whether or not such testimony would in fact accomplish that objective. Unlike a medical malpractice case where the issues can be very technical and difficult for the layperson to understand, the issues in this case are fairly clear. A little boy, while playing on the ice, slipped and fell, and unfortunately sustained severe injuries. After both parties presented their side of the case, and instructions of the law were given, relatively little outside information was necessary to aid the jury in reaching it's conclusion.

■ When evaluating the admission and exclusion of expert testimony, great deference is given to the decision of the trial court. The reviewing court will not interfere unless clear abuse is shown. *Townsend v. Mid–America Pipeline Co.*, 168 N.W.2d 30, 36 (Iowa 1969). Courts typically have not, and will not interfere with a court's decision to exclude expert testimony unless the discretion "has been manifestly abused to the prejudice of the complaining party." *Grismore*, 232 Iowa at 342, 5 N.W.2d at 654.

After reviewing the entirety of the record, and specifically the portions of Dr. Caskey's testimony which were not allowed, this court does not believe the trial court abused its discretion. There was no prejudicial error in excluding the testimony.[1]

For the foregoing reasons, the decision of the district court is affirmed.

AFFIRMED.

---

1. We have considered the claims of the school district that the Oldhams failed to conform to the Rules of Appellate Procedure in the compilation of their appellate brief, and while the court mandates the use of such rules, the school district cites no authority for the compensation it requests.