## IN THE COURT OF APPEALS OF IOWA

No. 18-1271
Filed July 3, 2019

**IN THE MATTER OF THE TRUST UNDER THE WILL OF W.H. DAUBENDIEK,**

**BILLY JOE DAUBENDIEK, a/k/a BILLY JOE DAUBENDECK,**
　　　Appellant.
_____

Appeal from the Iowa District Court for Palo Alto County, Donald E. Courtney, Judge.

Billy Joe Daudendiek, a/k/a Billy Joe Daubendeck, appeals a ruling concluding he does not have an interest in a trust. **AFFIRMED.**

Steven W. Hendricks of Kersten Brownlee Hendricks, PLLC, Fort Dodge, for appellant.

James L. Kramer of Johnson, Kramer, Mulholland, Cochrane & Cochrane, P.L.C., Fort Dodge, for appellees.

Heard by Potterfield, P.J., and Doyle and May, JJ.

**MAY, Judge.**

This case involves a dispute over who can benefit from a trust created by W.H. Daubendiek's will. Billy Joe Daudendiek, a/k/a Billy Joe Daubendeck, who is W.H.'s great-grandson by adoption, claims an interest in the trust. The trustees contest Billy Joe's claim. The district court granted summary judgment in their favor. For the following reasons, we affirm.

## I.     Facts and Prior Proceedings

In 1942, W.H. Daubendiek executed a will. The will created a trust benefitting some of W.H.'s descendants. The will named nine beneficiaries for the trust, including W.H.'s "beloved grandson, Joe." The will also provided that, "in the event of" a named beneficiary's death, his or her interest would pass to his or her "lawful bodily issue." The will stated in relevant part:

> The beneficial interest shall be apportioned as follows:
> to my beloved wife, Matilda E. Daubendiek, or in the event of her death, to her lawful bodily issue, per stirpes, fifteen per centum (15%); to my beloved son, C. H. Daubendiek, or in the event of his death, to his lawful bodily issue, per stirpes, twenty five per centum (25%); to my beloved daughter, Letha I. Leonard, or in the event of her death, to her lawful bodily issue, per stirpes, twenty five per centum (25%); to my beloved granddaughter, Ruth Daubendiek, or in the event of her death, to her lawful bodily issue, per stirpes, five per centum (5%); *to my beloved grandson, Joe R. Daubendiek,*[1] *or in the event of his death, to his lawful bodily issue*, per stirpes, five per centum (5%); to my beloved grandson, Robert W. Daubendiek, or in the event of his death, to his lawful bodily issue, per stirpes, five per centum, (5%); to my beloved granddaughter, Bertha A. Daubendiek, or in the event of her death, to her lawful bodily issue, per stirpes, five per centum (5%); to my beloved grandson, William C. Daubendiek, or in the event of his death, to his lawful bodily issue, per stirpes, five per centum (5%); to my beloved grandson, Gene E.

---

[1] Joe is identified in the will as Joe R. Daubendiek. However, he is later referred to by all parties as either Joe E. Daubendeck or Joe E. Daubendiek. No party challenges Joe's interest in the trust based on the discrepant references to his middle initial or spelling of his last name.

Daubendiek, or in the event of his death, to his lawful bodily issue, per stirpes, five per centum (5%); to my beloved nephew, F. W. Daubendiek, or in the event of his death, to his lawful bodily issue, per stirpes, five per centum (5%).

In the event of the death of any of said beneficiaries without leaving lawful bodily issue, then the share and interest of such beneficiary shall be apportioned among the other beneficiaries in the same ratio.

(Emphasis added.)

W.H. died in 1948. In 1956, Joe adopted a child. Joe named the child Billy Joe.

Joe died in 2016. In 2017, Billy Joe filed the present action. Billy Joe asked the district court to "to confirm that Billy Joe" and his "descendants are the lawfully bodily issue of Joe" for purposes of the trust.[2]

The trustees moved for summary judgment. They argued that, under Iowa law, "an adopted person such as Billy Joe . . . is not a beneficiary" of the trust because he is not "the 'lawful bodily issue' of his adopted parent," Joe.

The district court granted summary judgment in favor of the trustees. Billy Joe now appeals.

## II. Scope and Standard of Review

"We review summary judgment rulings for correction of errors at law." *Roll v. Newhall,* 888 N.W.2d 422, 425 (Iowa 2016). "On review, we examine the record before the district court to determine whether any material fact is in dispute, and if not, whether the district court correctly applied the law." *Id.* (internal quotations and citation omitted). We consider "the record in the light most favorable to the

---

[2] Billy Joe also asserted claims related to his sister, Umi. Those claims are not at issue on appeal.

nonmoving party and will grant that party all reasonable inferences that can be drawn from the record." *Id.* (citation omitted).

### III. Discussion

The issue here is whether an adopted child, such as Billy Joe, can benefit from the trust created by W.H.'s will. "[T]he cardinal rule of will construction is that 'the intent of the testator is the polestar and must prevail.'" *Id.* at 426 (quoting *In re Estate of Rogers*, 473 N.W.2d 36, 39 (Iowa 1991)). "In determining the testator's intent, we consider (a) all of the language contained within the four corners of the will, (b) the scheme of distribution, (c) the surrounding circumstances at the time of the will's execution[,] and (d) the existing facts." *Id.* (internal quotations and citation omitted). "The court applies an objective standard when determining the testator's intent." *Id.* "We consider 'what the testator did say' and 'not what the testator meant to say.'" *Id.* (citation omitted). "Testators are presumed to know the legal effect of language in their wills . . . ." *Id.*

In general, Iowa law presumes that a testator "intended to treat adopted children in the same manner as natural children." *Elliott v. Hiddleson*, 303 N.W.2d 140, 144 (Iowa 1981). This presumption does not apply, however, where "an intent to exclude adopted children" is shown. *Id.* at 144–45.

In this case, the district court noted that, "[a]fter every named beneficiary in [W.H.'s] will[,] the phrase 'lawful *bodily* issue' is used to describe who will receive that [named beneficiary's] share [of the trust] in the event that . . . named beneficiary dies." (Emphasis added.) The key question, then, is whether "lawful *bodily* issue" includes adopted children like Billy Joe.

In *Skoog v. Fredell*, our supreme court considered a similar phrase, "heirs of the *body*." 332 N.W.2d 333, 335 (Iowa 1983) (emphasis added). The *Skoog* court concluded that "heirs of the body" means only "bodily heirs or natural born children," *not* adopted children. *Id.*

Based on *Skoog*, the district court correctly reasoned that "[t]he use of 'lawful *bodily* issue" in W.H.'s will "indicates the intent to only include direct blood descendants and therefore to exclude adopted persons." (Emphasis added.) Accordingly, the district court correctly concluded that Billy Joe has no interest in the trust.

Billy Joe points to an affidavit signed by Martin Begleiter, a lawyer and law professor. Professor Begleiter opines that the language of W.H.'s will is ambiguous. Billy Joe contends Professor Begleiter's opinions create a genuine issue of material fact.

We disagree. Professor Begleiter's opinions are mainly legal arguments concerning a legal issue, namely, how we should interpret the will.[3] *Cf. Cook v. State*, 431 N.W.2d 800, 804 (Iowa 1988) (noting experts may not "state opinions as to legal standards"); *Oldham by Oldham v. Shenandoah Cmty. Sch. Dist.*, 461 N.W.2d 207, 208 (Iowa Ct. App. 1990) (noting "experts may not give opinions on questions of law").

---

[3] Professor Begleiter refers to his general understanding of how lawyers and clients sometimes interact. For example, he opines "it is not unusual for attorneys to adopt legalisms that are used without the express direction of the testator or trustor." But he professes no knowledge concerning the specific facts surrounding the execution of the will at issue here.

Moreover, even after considering Professor Begleiter's arguments, we do not conclude the will is ambiguous for present purposes. We have found no reasonable interpretation of the will under which an adopted child, who is not Joe's "lawful *bodily* issue," can receive Joe's interest in H.W.'s trust.

Billy Joe also argues *Scroog* should be overturned. This court, however, is not at liberty to overturn our supreme court's precedent. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

## IV.    Conclusion

The district court was correct in granting summary judgment and dismissing Billy Joe's petition.

**AFFIRMED.**